UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL MAURICE YOUNG,

Plaintiff,

v.

SAN FRANCISCO HOUSING
AUTHORITY,

Defendant.

Case No. 26-cv-02860-TSH

**ORDER DENYING REQUEST TO
APPOINT COUNSEL**

Re: Dkt. No. 13

On April 13, 2026, Plaintiff Darryl Maurice Young filed a request for appointed counsel. ECF No. 13.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, N.C., 452 U.S. 18, 25 (1981).  However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

"To obtain appointment of pro bono counsel, a litigant must be proceeding in forma pauperis ('IFP') and lack the financial resources to retain counsel."  *Swapna v. Deshraj*, 2017 WL 3721444, at *1 (N.D. Cal. Aug. 29, 2017) (citing *Palmer*, 560 F.3d at 970).  "When determining whether 'exceptional circumstances' exist, a court considers 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Neither of these considerations is dispositive; rather, they must be viewed together.  *Id.* (citation omitted).  Additionally, to be eligible for appointed counsel, an indigent plaintiff must first make "a reasonably diligent effort to secure counsel."  *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (citing *Bradshaw v. Zoological Soc'y of San*

*Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

"The decision to appoint such counsel is within 'the sound discretion of the trial court.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984)).

At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear, and Plaintiff has thus far sufficiently articulated his claims pro se. The issues do not appear to be unduly complex, and there is no indication that discovery in this action is so complex as to require appointment of counsel. In sum, the Court is unpersuaded that exceptional circumstances justify the appointment of counsel. *See Pascual v. Astrue*, 2008 WL 4239157, at *3 (N.D. Cal. Sept. 15, 2008) ("[D]ue to limited resources, the appointment of counsel is the exception, not the rule.").

Further, Plaintiff has not shown (by declaration or otherwise) that he made reasonably diligent efforts to retain counsel. While the Court appreciates Plaintiff's limited financial resources, and that some attorneys, firms, or referral services may charge a consultation fee, many do not or might waive it based on her financial status. Plaintiff needs to make a reasonable effort to meet with multiple attorneys, and provide a declaration documenting his efforts to retain them and why they refused to take his case.

Plaintiff's request is therefore denied without prejudice to the Court's sua sponte appointment of counsel should circumstances so require.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

3