UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL MAURICE YOUNG, | Case No. 26-cv-02860-TSH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO PROVIDE SERVICE INSTRUCTIONS AND DIRECTING PLAINTIFF TO PROVIDE SERVICE ADDRESS** |
| SAN FRANCISCO HOUSING AUTHORITY, et al., | |
| Defendants. | |

On April 3, 2026, the Court granted Plaintiff Darryl Maurice Young's application to proceed in forma pauperis, screened his original complaint under 28 U.S.C. § 1915(e)(2), and directed service on Defendant San Francisco Housing Authority. ECF No. 7. Plaintiff subsequently filed an amended complaint that adds Avalonbay Communities, Inc. as a defendant. ECF No. 15. After screening the amended complaint, the Clerk of Court directed the United States Marshal Service (USMS) to serve a copy of the case file upon Avalonbay. ECF No. 22.

On May 14, 2026, USMS provided an unexecuted service of process notice, stating they were unable to locate the company because there was no one at the leasing office address provided and there was no access to a controlled building. ECF No. 26. Plaintiff responded by filing a "Motion to Direct the Clerk of Court to Provide Specific Service Instructions to the United States Marshal Service." ECF No. 27. Plaintiff requests the Court direct USMS to attempt service at the same address (1200 Ocean Avenue, San Francisco, California 94112), but this time require USMS to telephone "Rommel Santo Domingo, Sales and Service Supervisor" to prearrange a service time between 9:30 a.m. and 5:00 p.m., Tuesday through Friday.

In cases involving plaintiffs proceeding in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the United States

Marshal to effect service.  Fed. R. Civ. P. 4(c)(3).  If the Marshal is unable to effectuate service through no fault of their own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, he must seek to remedy the situation or face dismissal.  *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Here, Plaintiff has provided an address for service at which USMS was unable to execute service, so he now requests the Court direct USMS to call someone on certain days and times to prearrange service at the same address.  However, USMS has informed the Court that they do not call anyone to attempt service, nor is the Court able to perform such a service.  *See Humes v. Lukenbill*, 2020 WL 6381387, at *2 (E.D. Cal. Oct. 30, 2020) ("Where the U.S. Marshal has insufficient information to locate a person for purposes of service, the U.S. Marshal has no additional duty under these circumstances to investigate where that person might be found.") (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by, Sandin v. Conner*, 515 U.S. 472 (1995)); *Allen v. Comm'r of Arizona State Prison*, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014) ("The Court is not required to act as an investigative body in ascertaining a correct address for Defendant."); *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 (D.D.C. 2007) ("A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process.") (citing *Barmes v. Nolan,* 123 Fed. App'x 238, 239 (7th Cir. 2005)); *Johnson v. Clark*, 2013 WL 646022, at *5 (D. Ariz. Feb. 21, 2013) ("As an impartial decisionmaker, it is not a federal judge's role or responsibility to track down a defendant's address so a plaintiff may serve process.  This degree of involvement 'would undermine [trial] judges' role as impartial decisionmakers.'") (alteration in original) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

Accordingly, the Court **DENIES** Plaintiff's request and **ORDERS** him to provide an address for service by June 5, 2026 at which USMS may effectuate service without the need for prearranged appointments or further investigation.  Failure to do so may result in dismissal of Avalonbay Communities, Inc. without prejudice under Rule 4(m).

The Court reminds Plaintiff that he may wish to seek assistance from the Legal Help

United States District Court
Northern District of California

Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: May 19, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California